NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS DEGNAN<br>　　　　　Plaintiff,<br><br>v.<br><br>DEPARTMENT OF LABOR,<br><br>　　　　　Defendant. | Civil Action No.: 10-50 (JLL)<br><br><br>O P I N I O N |

APPEARANCES:

Thomas Degnan
29 Martin View Rd.
Lake Hopatcong, NJ 07849
　　　Plaintiff, pro se

LINARES, District Judge:

　　　Plaintiff pro se Thomas Degnan seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of indigence, the Court (1) grants Mr. Degnan's application to proceed *in forma pauperis*, and (2) directs the Clerk of the Court to file the Complaint without pre-payment of the filing fees or security.  28 U.S.C. § 1915(a).

　　　Having reviewed the Complaint to identify cognizable claims as required under 28 U.S.C. § 1915(e)(2), the Court concludes that while Mr. Degnan's Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court finds that Mr. Degnan should be afforded an opportunity to amend so as to cure the defects discussed herein.

**I.  BACKGROUND**

In its entirety, Plaintiff's Complaint states:

I Thomas P. Degnan am filing a petition to the ccourt in the matter of Thomas Degnan vs. Dept. of Labor, Employee Benfits Security Administration on the ruling of ineligible for COBRA ARRA premium reduiction. Under sectin 702 of the Administrative Procedures Act U.S.C. 702. I am looking for a Judicial review of this matter to reduce my monthly COBRA payments by 65% under eh ARRA Act of 2009.

(Plaintiff's Complaint; CM/ECF No. 1).

## II.  STANDARDS FOR A § 1915(e)(2)(B) DISMISSAL

After a court makes a decision that a plaintiff is qualified for pauper status pursuant to 28 U.S.C. § 1915, the court must then "screen" the Complaint to determine whether the plaintiff's complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v.

Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III. ANALYSIS

Because Plaintiff is proceeding pro se, the Court construes his Complaint in the way most favorable to him. Carr v. Sharp, 454 F.2d 271, 272 (3d Cir. 1971). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." This has not been done. Plaintiff baldly requests judicial review of his denial of a rate reduction under ARRA. However, Plaintiff fails to provide any facts whatsoever that he was entitled to such a reduction. Thus, the Court cannot ascertain the factual or legal basis of Plaintiff's claim(s). Such Complaint violates the requirements of Federal Rule of Civil Procedure Rule 8(a), which requires that the Complaint set forth (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief."

### V. CONCLUSION

Given the foregoing, the Court dismisses Plaintiff's Complaint without prejudice, pursuant

to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted, but permits Plaintiff to file an amended Complaint within thirty (30) days of entry of this Opinion and accompanying Order addressing the deficiencies set forth herein.  See Denton, 504 U.S. at 34. Should Plaintiff choose to amend his Complaint, Plaintiff is advised that prior to the institution of a federal lawsuit for a COBRA premium reduction Plainitff is required to exhaust the administrative appeals process.  See e.g., dorsey v. Jacobson Holman, PLLC, 707 F.Supp.2d 21, 27 (D.D.C. 2010) ("It is entirely consistent with the policies and purposes of ARRA to require an individual who is denieda COBRA premium reduction to utilize the administrative appeal process before bringing a federal lawsuit.").  If Plaintiff fails to amend his Complaint within thirty (30) days, his Complaint will be dismissed with prejudice.

      An appropriate Order accompanies this Opinion.


                                        /s/ Jose L. Linares

Dated: October 15, 2010                  UNITED STATES DISTRICT JUDGE